## FINCH v. FINCH.

1. A motion for a new trial was made upon the conjecture that the jury had reached a verdict by each juror putting down a certain amount, and by then adding these amounts together and dividing their sum by twelve. *Held*, that the motion was properly refused.

2. A Circuit judge has the power to grant a new trial *nisi* in cases sounding in damages, as well as in actions on contracts.

3. In an action for slander the trial judge committed no error in charging the jury "that if one should repeat a slanderous charge concerning another, saying at the same time, 'I do not believe it to be true,' he would nevertheless become a publisher of a slander, and liable to an action therefor, though the damages in such a case might be light."

4. In charging the jury that "the fact that words are spoken in passion will not excuse a malicious slanderer from liability," the trial judge committed no error. Passion, suddenly excited by mutual recrimination, might mitigate, but it cannot, in all cases, excuse.

5. If defendant undertakes to justify the slander and fails, because the justification is unsupported by the evidence, it may be considered as a circumstance of aggravation and of continued malice, and may be properly considered by the jury in estimating damages.

6. It may be that, under section 186 of the code, defendant may introduce evidence to show his belief in the truth of the charge made, in mitigation of damages, and that evidence introduced for that purpose, even if it failed to sustain the charge, would not aggravate the offence, but no such point was raised in this case by any request to charge.

7. In an action of slander it is sufficient if the words be proved substantially as laid ; it is not necessary to prove the words exactly as alleged.

8. A charge to the jury "that passion does not justify slander, but might be taken into consideration in mitigation," was as favorable to the defendant as the law allows.

Before Hudson, J., Spartanburg, November, 1883.

This was an action by Ellen E. Finch against Benjamin Finch, commenced September 13, 1881. The opinion states the case.

*Messrs. Bobo & Carlisle*, for appellant.

*Messrs. J. S. R. Thomson* and *G. W. Nicholls*, contra.

July 1, 1884.    The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.    The plaintiff, respondent, brought the action below against the defendant, appellant, for slander, and recovered a verdict for $4,666.66.    The alleged slanderous words imputed a want of chastity to the plaintiff. The defendant, in his answer, denied the words as alleged, but admitted that he did say, after being charged himself with crime by the plaintiff, "I reckon you must be a whore yourself"; and he further stated, by way of mitigation, "that the charge as thus admitted was true, as defendant was informed and believed, and that the words spoken were spoken in the belief of their truth and in self-vindication, and not from any motives of malice towards the plaintiff."

A new trial was moved by defendant upon two grounds: 1. Because the jurors reached their verdict by each juror putting down a certain sum and then dividing by twelve.    2. Because the damages were excessive.    The motion was granted unless the plaintiff would within forty days enter a *remittitur* of so much of the verdict as exceeded $2,500.    The *remittitur* was entered within the time, and the defendant appealed upon several exceptions, which will be considered *seriatim :*

1. "Because his honor, the Circuit judge, erred in not granting a new trial on the ground that the jurors reached their verdict in the way stated above."

The Circuit judge had no evidence whatever before him that the verdict was reached as alleged ; nor do we see how, in the face of *Sheppard* v. *Lark*, 2 *Bail.*, 576, and *State* v. *Tindall*, 10 *Rich.*, 212, he could have entertained the motion. ·

2. "Because his honor erred in not granting a new trial unconditionally, the damages being excessive."    This exception is based upon the position that new trials *nisi* for excessive damages can be granted only in cases where the Circuit judge has the means of ascertaining the exact amount which should be allowed, as in suits on notes and other contracts, and it is con-

tended that the case before the court was not of that character. This principle may be correct in a general sense, but the difficulty is in its application. Who is to say when the Circuit judge is unable to fix the amount of damages but the judge himself? No doubt in a given case, when this inability existed, the new trial, if granted, would be granted unconditionally; but whether the judge is unable to fix that amount is a matter for him; and if he grants it *nisi,* instead of unconditionally, we must assume that he had evidence before him sufficient to control his judgment.

True, in cases sounding in damages, where the damages are more or less dependent upon the opinion of witnesses, the rule by which the damages are to be measured is not as accurate as in some other cases; but even in such cases, we see no reason why the Circuit judge should not be as competent to determine the true amount as the jury—or at least there is no such insuperable difficulty in the way as to require us to say that in no such case shall the Circuit judge grant a new trial *nisi.* The Circuit judge certainly has the power to grant a new trial for excessive damages, and the practice has long prevailed of granting new trials *nisi.* *Parker* v. *Walker,* 12 *Rich.,* 138; *Warren* v. *Lagrone,* 12 *S. C.,* 45; *Nettles* v. *Harrison,* 2 *McCord,* 230. The power to determine that damages found in a given case are excessive involves the further power of saying what proportion of said damages would not be excessive, and consequently of fixing the amount which should have been found.

3. "Because his honor erred in charging: (1) That if one repeats a slanderous charge, saying at the same time, 'I don't believe it,' he is guilty of slander. (2) In charging that words spoken in sudden heat and passion is no justification. (3) In charging that if the defendant undertakes to justify the slander and fails because the justification is unsupported by the evidence, it may be considered as a circumstance of aggravation, and of continued and express malice, and may be properly considered by the jury in estimating the damages."

As to the first specification above, we do not find that the Circuit judge charged in the broad terms as therein stated. The language of the charge was as follows: "So jealous is the law of the good name and reputation of the citizen that even if one

should repeat a slanderous charge concerning another, saying at the same time, 'I do not believe it to be true,' he nevertheless would thus become a publisher of a slander, and liable to an action therefor, though the damages in such a case might be light." We see nothing objectionable in this.

Nor was there error in that portion of the charge which has given rise to the second specification above, *i. e.*, in charging "that words spoken in sudden heat and passion is no justification." Here again the exception is broader than the charge. What the judge said was this, "The fact that words are spoken in passion will not excuse a malicious slanderer from liability." There was certainly no error in this. The essence of slander is malice, and where that appears, whether deliberate or under the cover of passion, the case is actionable; and whether this malice is present or not, is a question for the jury. Passion suddenly excited by mutual recrimination might mitigate, but it cannot excuse, as matter of law, in all cases.

Third specification, that his honor erred in charging "that if the defendant undertakes to justify the slander and fails because the justification is unsupported by the evidence, it may be considered as a circumstance of aggravation, and of continued malice, and may be properly considered by the jury in estimating damages." There can be no doubt about the correctness of this proposition as a general rule. See the recent case of *Burckhalter* v. *Coward*, 16 *S. C.*, 435. It may be that since the adoption of the code, with its 186th section of force, which permits the defendant, in actions like this, to allege in his answer both the truth of the matter charged as defamatory, and also any mitigating circumstances, to reduce the amount of damages, and whether he proves the justification or not, allows him to give in evidence the mitigating circumstances, that evidence tending to show that the defendant had reason to believe the truth of the charge made might be introduced, not as justification, but in mitigation, and in such case, when really relied on for that purpose, such evidence, though it failed to support the charge, would not aggravate the offence. But there was no request made by the defendant as to this distinction. If the defendant's answer or plea was subject to the application of such a principle, he

should have called the attention of the judge to it by a direct request. In the absence of such request, the Circuit judge laid down the general proposition in which, as we have said, there was no error, and that is the only matter before us.

.4. Exception fourth, "in refusing to charge as requested: (1) That the jury must be satisfied that the defamatory words alleged in the complaint to have been used by the defendant have been proved exactly as alleged. (2) If the jury are satisfied from the whole testimony that the plaintiff and defendant were engaged in a sudden quarrel, and that each published defamatory matter against the other whilst under the influence of angry feelings, then the verdict shall be for the defendant. (3) If the jury believe that the language used by the defendant was provoked by the language or conduct of the plaintiff, and was the result of sudden heat and passion, the verdict ought to be for the defendant."

The refusal to charge specification one is sustained by *Grubbs* v. *Kyzer*, 2 *McCord*, 307, and *Morgan* v. *Livingston*, 2 *Rich.*, 580. In the latter case, O'Neall, J., in delivering the opinion of the court, said: "The first ground of appeal is that the words were not proved on the trial as laid in the declaration. The rule is now well settled that if the words be proved substantially as laid, it will be sufficient." This applies here.

The other two exceptions raise the same objection. As to these, his honor charged that passion does not justify slander, but might be taken into consideration in mitigation. This, we think, was as favorable to the defendant as the law allowed.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.